378 A.2d 481

**COMMONWEALTH of Pennsylvania**

v.

**Leslie L. JONES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Oct. 6, 1977.

118

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant Leslie Lewis Jones entered a guilty plea to robbery on June 22, 1973, and received a sentence of five years probation. In February of 1975, appellant was arrested on charges of murder, voluntary manslaughter, aggravated assault and conspiracy. He was convicted, on July 12, 1975, of aggravated assault and conspiracy and, immediately after disposition of post-trial motions on November 21, 1975, was sentenced to three to twenty-three months imprisonment, with a one month credit for time served plus a consecutive five year term of probation.

■ Probation on the 1973 robbery conviction was revoked after a hearing held on January 27, 1976, and appellant was subsequently sentenced to serve six months to five years imprisonment. Appellant now contends that probation should not have been revoked because he was denied a speedy revocation hearing in violation of due process and Pa.R.Crim.P. 1409. We disagree and affirm the judgment of sentence of the lower court.

Pa.R.Crim.P. 1409 provides that,

"[w]henever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held *as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole." (emphasis added).

"The requirement of a speedy revocation hearing embodied in the Rule is nothing more than a restatement of the doctrine developed by our courts that a revocation hearing must be held with 'reasonable promptness' after probation officials know or reasonably should have known of the violation." *Commonwealth v. Lipton*, 238 Pa.Super. 124, 135–36, 352 A.2d 521, 526 (1975) (dissenting opinion by Hoffman, J.); *see also Commonwealth v. Parker*, 244 Pa.Super. 113, 366 A.2d 941 (1976). An exception to the above rule exists where the alleged violation consists of the commission of a crime during the probationary period. In such a case, "[i]t is sufficient that the court which imposed the probation should act promptly after the [conviction for the probation violating offense] . . . ." *Commonwealth v. Duff*, 201 Pa.Super. 387, 395, 192 A.2d 258, 262 (1964).

■■ The sole question which arises in every case of this type is whether the delay from the date of conviction [1] to the

---

1. The lower court held that the "date of conviction" for the purpose of this rule means the date of disposition of post-trial motions. We disagree "A verdict or plea of guilty provides . . . all the information [needed] to begin the parole [or probation] revocation process, for it establishes the fact of a . . . violation." *United States ex rel. Burgess v. Lindsey*, 395 F.Supp. 404, 411 (E.D.Pa.1975).

date of probation revocation was reasonable. *Commonwealth v. Lipton, supra; Commonwealth v. White*, 218 Pa. Super. 188, 279 A.2d 768 (1971). In assessing reasonableness, it is obvious that we must consider the length of and reasons for the delay as well as any prejudice inuring to the defendant. Rule 1409 did not establish a presumptive time period within which the Commonwealth must revoke probation. *Compare Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977); Pa.R.Crim.P. 1100 & 6013; *with* Pa.R.Crim.P. 1409. It would be manifest error for this court to establish such a prophylactic rule under the guise of judicial interpretation. *Cf. Commonwealth v. Jones*, 245 Pa.Super. 487, 369 A.2d 733 (1977).

■ In the instant case, probation was revoked six and one-half months after the July 12 conviction. In *Commonwealth v. White, supra*, a delay of five and one-half months was held unreasonable under the circumstances. We are therefore unable to say that the delay in the instant case was intrinsically reasonable.

At the revocation hearing appellant's probation officer, Dwain Hill, explained the reason for the delay. According to Mr. Hill, departmental procedures dictated that a revocation hearing should not be scheduled prior to sentencing on the probation violating offense. Although we have decided that such a procedure is incorrect, the fact remains that the case was not delayed as a harassing tactic. As the Supreme Court held in a similar context:

"A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant. Finally, a valid

The primary purpose for holding a revocation hearing after the conviction for the probation violating offense is to avoid a duplication of proceedings. We can perceive no more reason for postponing revocation proceedings pending disposition of post-trial motions than for a postponement pending disposition of an appeal.

reason, such as a missing witness, should serve to justify appropriate delay." *Barker v. Wingo,* 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) (footnote omitted).

The delay in this case clearly was not a malicious attempt to hamper the defense. Because the delay did result from factors within the Commonwealth's exclusive control, however, this case falls into the second "neutral" category and, as such, provides some support for appellant's position.

█ The final factor to be weighed is the prejudice resulting from the delay. It can hardly be argued that prejudice is not a proper subject for our consideration. The primary purpose of requiring a prompt revocation hearing is to prevent the loss of essential witnesses or documentary evidence and the continuance of unnecessary incarceration or other limitations on personal liberty. *Sutherland v. District of Columbia Board of Parole,* 366 F.Supp. 277 (D.D.C.1973).

█ In the instant case, no prejudice whatsoever has resulted from the delay. First, there is no intimation in either the briefs or the record of any lost evidence. Moreover, appellant could not object to lost evidence relating to the fact of a violation because that issue was resolved in the criminal proceeding and cannot be relitigated. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In such a case, the interest in providing a prompt revocation hearing is substantially reduced. *See Commonwealth v. Parker, supra.*

Secondly, appellant was not subject to any unnecessary incarceration due to the delay. A review of the record indicates that appellant was released on bail prior to the July 12 conviction (NT Probation Revocation Hearing, hereinafter NT PR 34). Appellant was sentenced to three to twenty-three months imprisonment with a one month credit for time served. Mr. Hill testified that on January 23, 1976, approximately two months after the date of sentencing, he personally delivered a notice of the revocation hearing to appellant at appellant's home (NT PR 30). It is clear that appellant was released from prison after serving the mini-

mum sentence and that any confinement of appellant in no way derived from the probation revocation proceedings, but rather from the February, 1975, arrest and subsequent conviction.

Finally, despite the delay, appellant's probation was revoked well within the initial probationary period. Appellant did not even suffer the minimal prejudice which may result from revocation after expiration of the original term. See *Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379 (1977). Because of the minimal delay and the absence of prejudice, we find that, under the circumstances of the instant case, the revocation proceedings were held within a reasonable time after the conviction.

The judgment of sentence is affirmed.

HOFFMAN, J., notes his dissent based on *Commonwealth v. Jones*, 242 Pa.Super. 558, 364 A.2d 414 (1976).