381 A.2d 949

**COMMONWEALTH of Pennsylvania**

v.

**Russell SPENCE, Michael Doherty, Luther Harper, Appellants.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.
Decided Dec. 28, 1977.

John J. Dean, John R. Cook, and John H. Corbett, Jr., Assistant Public Defenders, Pittsburgh, for appellants.

Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On October 29, 1974, Appellant Russell Spence (Appeal No. 551 April Term, 1976) was sentenced to eight to twenty-three months imprisonment for burglary and possession of instruments of crime. He was paroled on May 29, 1975. While on parole, appellant was convicted of assault and retail theft in Washington County and receiving stolen credit cards in Allegheny County. After a *Gagnon II* hearing held on February 2, 1976, parole was revoked and appellant was sentenced to serve the time remaining on the burglary conviction.

Appellant Michael Doherty (Appeal No. 546 April Term, 1976) was convicted, in June of 1974, of obtaining drugs with a forged prescription, possession of a controlled substance and criminal conspiracy. He was sentenced to a two year term of probation. During the probationary period, appellant was convicted of possession of a controlled substance and disorderly conduct. A hearing was held, probation was revoked, and appellant was sentenced to a term of imprisonment of eight to sixteen months.

In February of 1975, appellant Luther Harper (Appeal No. 547 April Term, 1976) was sentenced to two years probation for theft and criminal trespass. Once again, based on an intervening criminal conviction, probation was revoked after a hearing. Appellant was sentenced to serve six to twelve months in prison.

■ These three cases were consolidated for appeal because they present the same issue. In each case appellant contends that he did not receive written notice of the alleged violations prior to the revocation hearing. It is well established that *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) requires, *inter alia,* that written notice of the alleged probation or parole violation be furnished to the defendant prior to the revocation hearing. *Commonwealth v. Stratton,* 235 Pa.Super. 566, 344 A.2d 636 (1975); *Commonwealth v. Henderson,* 234 Pa.Super. 498, 340 A.2d 483 (1975); *Commonwealth v. Alexander,* 232 Pa.Super. 57, 331 A.2d 836 (1974).

■ The Commonwealth first contends that this issue was waived because it was not raised before the lower court. Under the current state of the law, the Commonwealth's contention is without merit. We have repeatedly held that the right to written notice of alleged violations is not waived by the failure to raise the issue at the revocation hearing. *Commonwealth v. Stratton, supra; Commonwealth v. Henderson, supra; Commonwealth v. Alexander, supra.*

■ The Commonwealth also contends that written notice was given and has attached copies of the three notices, as Appendices A, B, & C, to its brief. Appellants would argue that we may not review this contention because we would be considering matters outside the record.

It is true that an appellate court may not decide an issue based on facts not presented on the record. *See Wood v. Tucker,* 231 Pa.Super. 461, 332 A.2d 191 (1974); *Commonwealth ex rel. Oncay v. Oncay,* 153 Pa.Super. 569, 34 A.2d 839 (1943). Thus, in the instant cases, we have no power to find as a fact that written notice was given. This, however, does not end our inquiry.

The primary question involved in this appeal is whether we must remand for a full revocation hearing or for a limited hearing to determine the factual question of whether written notice was provided. We hold that the proper result is to remand initially for the latter type of hearing.

 Appellants urge and the dissent agrees that our prior cases require the Commonwealth to place proof of written notice on the record in every case. This argument is based on language similar to the following: "*Gagnon* requires, *inter alia,* that written notice of the alleged probation violations be furnished to the defendant as a part of the *Gagnon II* hearing. There is no evidence in the record to show that appellant received written notice. The probation hearing, therefore, did not satisfy the requirements of due process." *Commonwealth v. Stratton, supra,* 235 Pa.Super. at 569, 344 A.2d at 638. An examination of *Stratton* however, reveals that the issue on appeal concerned whether some substitute for written notice was sufficient. We held that it was not. *Stratton,* therefore, does not stand for the proposition that written notice must be placed *on the record* when the issue is not raised at the revocation hearing.[1] Our research has revealed no case in which the precise issue now raised was presented on appeal.

 By remanding these cases for hearings limited to a determination of the factual question, we are obviously not deciding the issue on the basis of matters outside the record. There is little difference between this procedure and the one employed in *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). When after a criminal conviction, a defendant argues on direct appeal that his trial counsel was ineffective, *Commonwealth v. Twiggs, supra,* mandates that we remand the case for factual hearings if we cannot resolve the issue on the basis of the original record. The reason that we remand the case is because the issue was not and could not have been raised below.

In the instant cases, the Commonwealth had no reasonable opportunity to present facts relevant to the instant claims because they were not presented to the lower court. While

---

1. Obviously, the Commonwealth ultimately bears the burden of proving that the defendant was provided with written notice in every case. Since the written notice issue cannot be waived, the better practice, which would eliminate the necessity for any remand, would be for the Commonwealth to place proof of notice on the record whether or not the issue is raised.

we will not find a waiver in this situation, it would be grossly unfair to penalize the Commonwealth for failing to introduce facts directed toward a non-contested issue.

Of course this rule would be different if constitutional interpretation required that the Commonwealth place written notice on the record in all cases. *Morrissey* and *Gagnon,* however, only require that the probationer or parolee receive written notice. They do not speak to procedural questions such as the one now raised. The *Morrissey* court recognized that the responsibility for procedural compliance with due process is a matter for the states. This view is in accordance with the traditional concept that it is "normally within the power of the State to regulate the procedures under which its laws are carried out . . .." *Patterson v. New York,* 432 U.S. 197, 201, 97 S.Ct. 2319, 2322, 53 L.Ed.2d 281, 286 (1977).[2]

We emphasize that our holding is narrow. The remand for a limited hearing only applies where the Commonwealth contends that written notice was provided and *where the record indicates that the defendant did not raise the issue of lack of notice before the lower court.*

After a hearing, the lower court shall decide whether each of the appellants herein received the required written notice. Upon a finding that proper written notice was, in fact, received by an appellant, the lower court shall reinstate the applicable order and sentence. In such a case the reinstated

2. It should be noted that *Morrissey v. Brewer, supra,* mandates, as a part of due process, that "[t]he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." 408 U.S. 471 at 488, 92 S.Ct. 2593 at 2603, 33 L.Ed.2d 484. If, as Judge Hoffman suggested in his dissenting opinion in *Commonwealth v. Quinlan,* 251 Pa.Super. 428, 380 A.2d 854, (1977), "the Commonwealth must establish a record to demonstrate that it complied with the minimum due process requirements of *Gagnon,*" then the Commonwealth would be required to prove that appellant was afforded a speedy hearing, even when the issue has not been presented to the lower court. There is no rational basis for distinguishing between the speedy hearing and written notice requirements since they both are required by due process. Such a rule would be extremely wasteful and would result in discharge when the Commonwealth failed to comply. This would be true even if the speedy hearing claim was frivolous.

judgment of sentence shall be appealable, limited to the issue(s) resolved by the lower court. Upon a finding that proper notice was not received by an appellant, the lower court shall hold a probation or parole revocation hearing, after proper written notice of the alleged violations to accordance with *Commonwealth v. Stratton, supra; Commonwealth v. Henderson, supra; Commonwealth v. Alexander, supra.*

The orders and judgments of sentence of the lower court in Appeals Nos. 551, 546 and 547 April Term, 1976, are reversed and the cases are remanded for further proceedings consistent with this opinion.

SPAETH, J., files a dissenting opinion in which HOFF-MAN and CERCONE, JJ., join.

SPAETH, Judge, dissenting:

I dissent for the reasons stated in Judge Hoffman's Dissenting Opinion in *Commonwealth v. Quinlan,* 251 Pa.Super. 428, 380 A.2d 854 (1977).

Further with respect to *Quinlan,* I hope the trial bar and bench will be able to discern the reason for the different results in *Quinlan* and this case; I cannot, and therefore conclude that *Quinlan* must be regarded as overruled. The only difference between *Quinlan* and this case is that in *Quinlan* the appellant alleged that the record did not prove that he had received written notice, and here the appellant alleged that he had never received written notice.* This difference cannot explain why here the majority (rightly, I believe) refuses to review evidentiary material not of record, whereas in *Quinlan* the majority accepted evidentiary material not of record.

While I am glad that the majority here refuses to review evidentiary material not of record, I disagree with its deci-

* There is another apparent difference. In *Quinlan,* the majority stated, the appellant acknowledged receipt of the violation notice attached to the Commonwealth's appeal brief "with his signature." However, as Judge HOFFMAN noted in his dissent, the notice was in fact completely illegible.

sion to remand. Rules should be simple. No rule could be simpler than a rule that says, "A revocation order cannot stand unless the record shows written notice to the probationer." To enforce that rule by vacating the order cannot hurt the Commonwealth; at the next hearing it proves the notice. But to remand can only encourage the Commonwealth not to do it right the first time, and will further clutter our already cluttered docket.

The order should be vacated and the record remanded.

HOFFMAN and CERCONE, JJ., join in this opinion.