Artia McCloud, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, September 26, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Artia McCloud,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., November 7, 1979:

In this petition for review, we are asked by petitioner to set aside the action of the Pennsylvania Board of Probation and Parole (Board) recommitting petitioner as a technical parole violator or alternatively to order the Board to grant him a new hearing on the charges of technical parole violations.

On June 13, 1977, petitioner was released by the Board under parole supervision. The following June, petitioner was arrested on a variety of new criminal charges pursuant to which the Board issued a warrant charging petitioner with technical as well as criminal violations of his parole.

On October 18, 1978, following a timely preliminary hearing on the charges of technical violations, petitioner appeared before the Board for a violation hearing. Although represented by counsel at the earlier hearing, petitioner had no attorney with him at the violation hearing. Petitioner argues that his attorney was not present because the notice of hearing was defective in that no date for scheduling of the violation hearing was included. This defect, concludes petitioner, was a violation of the Board's own regulations[1] and minimum due process entitling him to at least a new hearing.

---

[1] See regulation found at 37 Pa. Code §71.2(12)(ii).

Although we are in agreement with the basic legal argument advanced by petitioner, the factual posture of the instant petition obviates the prayed-for relief.

While the Board acknowledges the defect in the notice, it is argued that petitioner or his attorney should have contacted the Board to ascertain when the hearing was to be scheduled. We reject the Board's position; there is absolutely no sound basis on which such a duty of inquiry by the petitioner can be founded. Our Superior Court has recognized the importance of notice of the Board's proceedings on several occasions. *See, eg., Commonwealth v. Spence,* 252 Pa. Superior Ct. 341, 381 A.2d 949 (1977). A parolee's right to have counsel present at a technical violation hearing is firmly established, *Commonwealth v. Tinson,* 433 Pa. 328, 249 A.2d 549 (1969), and the importance of full and adequate notice to the realization of that right can hardly be doubted.

The facts of this case thus far recounted would entitle petitioner to relief were it not for certain additional facts. From the certificate of the Board's chairman we learn that petitioner was found guilty and sentenced on the new criminal charges by Judge TREDINNICK of the Montgomery County Court of Common Pleas. Petitioner was then accorded a revocation hearing at which he was represented by counsel. The Board took action as recorded on March 21, 1979, reaffirming petitioner's committment as a technical parole violator and recommitting him as a convicted parole violator. Petitioner has in essence already received the relief here sought making the Board's earlier error harmless.

Accordingly, we will enter the following

ORDER

AND Now, November 7, 1979, the motion for summary judgment of Artia McCloud is hereby denied,

and the cross-motion for summary judgment of the Pennsylvania Board of Probation and Parole is hereby granted.