428 A.2d 220

**COMMONWEALTH of Pennsylvania**

v.

**Gregory ZIEGLER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 3, 1981.

Norman Ackerman, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

This is an appeal from a probation hearing in which the appellant's probation was revoked.

On May 31, 1973, the appellant was convicted of burglary and aggravated robbery and was sentenced to five years probation. On October 27, 1977, the appellant appeared before the court below for a probation hearing and was found in violation of his probation. The court below revoked his probation and resentenced him to a new five year probation provided that he be admitted to the Horizon House Drug Treatment program as an in-patient. In early November, 1977, the appellant left, returned to, and again left Horizon House in violation of his probation. On February 1, 1978, the court below held another probation hearing. At the appellant's request, that hearing was continued until February 14, 1978, when he was again found in violation of his probation. His probation was revoked and he was resentenced to spend eleven and one-half to twenty-three months in the House of Corrections Therapeutic Community.

The issues before this Court are (1) whether the appellant waived his right to a speedy probation revocation hearing under Pa.R.Crim.P. 1409, and (2) whether this case should be remanded to determine if the appellant was given written notice of the probation hearing.

---

* President Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation.
  Judge Leonard Sugerman, of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

## I. WHETHER THE APPELLANT WAIVED HIS RIGHT TO A SPEEDY PROBATION REVOCATION HEARING UNDER PA.R.CRIM.P. 1409?

On November 7, 1977, the probation authorities learned of the appellant's leaving the Horizon House. On February 1, 1978, the court below heard this matter in a probation hearing.

The appellant contends that the delay of eighty-six days between the date that the probation authorities learned of the violation of probation and the date of the hearing was in violation of Pa.R.Crim.P. 1409, which reads:

Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held *as speedily as possible* at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole...

(Emphasis added.)

However, in reviewing the record of the proceedings before the court below, we have not found any evidence that this issue was presented at the revocation hearing held in February, 1978.

Research has failed to disclose any appellate decisions concerning whether a defendant who fails to assert a denial of a speedy probation hearing waives his right to one under Pa.R.Crim.P. 1409 if he does not raise the issue at the hearing. However, this issue is analogous to a waiver of a defendant's right to a speedy trial. Therefore, we conclude that it must be resolved accordingly.

If a defendant fails to file a timely objection to a denial of his Constitutional right to a speedy trial,[1] he is deemed to have waived his objection. Such an objection may not be raised for the first time in post-trial motions or

1. This right has its foundation in the Sixth and Fourteenth Amendments to the United States Constitution and Article I, sec. 9 of the Pennsylvania Constitution.

an appeal. *Commonwealth v. Roundtree,* 458 Pa. 351, 326 A.2d 285 (1974). Furthermore, a motion to dismiss under Pa.R.Crim.P. 1100, which was promulgated to protect a defendant's right to a speedy trial, must be raised before trial begins. Pa.R.Crim.P. 1100(f). If such a motion is not filed until after a trial has begun, the issue is waived and the motion will not be granted or considered on appeal. *Commonwealth v. Lennox,* 270 Pa.Super. 254, 411 A.2d 514 (1979); *Commonwealth v. Bullock,* 259 Pa.Super. 467, 393 A.2d 921 (1978); *Commonwealth v. Blanchard,* 251 Pa.Super. 424, 380 A.2d 853 (1977); *Commonwealth v. Lamonna,* 473 Pa. 248, 373 A.2d 1355 (1977).

■ Therefore, since the appellant failed to assert at his probation hearing that his hearing was not held "as speedily as possible," this Court holds that he waived his right under Rule 1409, and may not raise the issue for the first time on an appeal.

## II. WHETHER THE CASE SHOULD BE REMANDED TO DETERMINE IF THE APPELLANT RECEIVED WRITTEN NOTICE OF THE REVOCATION HEARING?

■ Minimum standards of due process require that the appellant receive written notice of the charges that will be raised against him at his probation hearing and that a failure to receive written notice may be raised for the first time on appeal. *Commonwealth v. Spence,* 252 Pa.Super. 341, 381 A.2d 949 (1977); *Commonwealth v. Quinlan,* 251 Pa.Super. 428, 380 A.2d 854 (1977); *Commonwealth v. Kile,* 237 Pa.Super. 72, 346 A.2d 793 (1975); *Commonwealth v. Stratton,* 235 Pa.Super. 566, 344 A.2d 636 (1975); *Commonwealth v. Alexander,* supra. The record in this case is silent as to whether or not the appellant received written notice of the hearing. Therefore, this case must be remanded for an evidentiary hearing to determine whether the appellant received written notice. Upon a finding that such notice was received, the court below shall reinstate the appropriate order and sentence. If written notice is not found to have

been received by the appellant, then he is entitled to a new probation hearing after he has received written notice of the alleged violations of his probation. *Commonwealth v. Spence*, supra.

The orders of revocation of probation and resentencing of the appellant are reversed and the case is remanded to the lower court for further proceedings consistent with this opinion.