467 A.2d 382

**COMMONWEALTH of Pennsylvania**

v.

**Leroy McCAIN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1983.

Filed Oct. 28, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence imposed after revocation of probation. Appellant contends that he was denied his right to a speedy probation violation hearing. We agree and, accordingly, reverse the lower court's order revoking probation, and we vacate the judgment of sentence.

On June 10, 1977, appellant was convicted of robbery and sentenced to four years probation. On October 28, 1980, he pled guilty to a new criminal offense and was sentenced to a term of imprisonment of two to ten years. The Probation Department promptly filed a notice of violation of probation. After several continuances of the violation hearing, appellant's probation was revoked on November 5, 1981, and a sentence of imprisonment of six months to two years, to run consecutively to his other sentence was imposed. This appeal followed.

Appellant contends that the November 5, 1981 probation violation hearing, held 12 months after his guilty plea and three months after his probationary period had expired violated Pa.R.Crim.P. 1409. Rule 1409 provides in relevant part:

> Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

Rule 1409 does not establish a presumptive period in which the Commonwealth must revoke probation, but, instead, the question is whether the delay was reasonable under the circumstances of the specific case.[1] *Common-*

---

1. For purposes of Rule 1409, the relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing. *Commonwealth v. Reed,* 277 Pa.Super. 94, 419 A.2d 677 (1980). *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977).

*wealth v. Kane,* 315 Pa.Super. 212, 461 A.2d 1246 (1983). In evaluating the reasonableness of the delay the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978). Applying these factors to the case at bar, we conclude that this probation violation hearing was not held with the reasonable promptness required by Rule 1409.

Instantly, over 12 months passed between appellant's guilty plea and the violation hearing. Considering we have found that a five month delay can be unreasonable, see *Commonwealth v. White,* 218 Pa.Super. 188, 279 A.2d 768, 769 (1971), there is no doubt that the 12 month delay here cannot be dismissed as "intrinsically reasonable." *Commonwealth v. Jones,* 250 Pa.Super. 116, 120, 378 A.2d 481, 483 (1977).

We next examine the reasons for the delay. The court below suggests only that the hearing was delayed because appellant had been transferred from institution to institution and was unavailable on five separate occasions. The Commonwealth, in its brief, offers no additional explanation. The problem is, however, that the record fails to adequately demonstrate this reason to be the cause of the delay. The only basis in the record for the lower court's conclusion is the testimony of a probation officer that, according to his notes, appellant was being moved from prison to prison. However, he substantiated this assertion with specific facts for only one listing of the violation of probation hearing. Furthermore, he testified that appellant was actually brought to City Hall in Philadelphia on two occasions, thus partially corroborating appellant's unrefuted testimony that he was transported to City Hall for several listings of the violation hearing, but that the hearings were not held.[2] The Commonwealth produced no other

**2.** Although the probation officer attempted some explanation of what took place on these occasions, it was extremely unclear and we cannot say from our review that he was successful in this attempt.

evidence at the hearing to explain why appellant was not brought down or the violation hearing was not held on the various prior listings. Thus, we conclude that the lower court's conclusion that the violation of probation hearing was delayed for a year by continual inter-prison transfers of appellant lacks factual support in the record. This absence of adequate explanation for the delay must be weighed in appellant's favor. *Commonwealth v. Smith,* 266 Pa.Super. 234, 403 A.2d 1326 (1979).

■ Finally, the Commonwealth contends that the judgment of sentence should not be reversed because appellant was not prejudiced in any way by the delay since he was serving the sentence for the probation violating offense at the time of the hearing and was thus not subjected to any unnecessary incarceration. However, the hearing did not take place until approximately three months after the expiration of the probationary period. "Our cases have indicated that a certain amount of prejudice necessarily follows from the mere fact of the expiration of the period." *Commonwealth v. Holmes,* 248 Pa.Super. 552, 560, 375 A.2d 379, 382 (1979); see *Commonwealth v. Smith,* supra; *Commonwealth v. White,* supra; *Commonwealth v. Young,* supra. Therefore, we have no choice but to find that appellant was prejudiced, albeit minimally, by the delay.

■ Certainly, this small amount of prejudice would not in every case justify a conclusion that a defendant was denied his right to a speedy hearing. However, instantly, this prejudice must be weighed along with the two other factors discussed above: the 12 month delay and the inadequate explanation by the Commonwealth for this delay. Thus, "[c]onsidering the long delay, the lack of adequate explanation by the Commonwealth, and the prejudice to the appellant, we must conclude that appellant was denied his right to a speedy hearing." *Commonwealth v. Smith,* 266 Pa.Super. at 238, 403 A.2d at 1329.

Order revoking probation reversed and judgment of sentence vacated.