502 A.2d 597

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph MARCHESANO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Oct. 25, 1985.

Reargument Denied Jan. 7, 1986.

388

390

Dennis J. Cogan, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and HOFFMAN, JJ.

BROSKY, Judge:

This appeal is from the judgment of sentence imposed after the revocation of appellant's probation. Appellant contends that he was denied his right to a speedy revocation hearing and that trial counsel was ineffective for failing to assert that claim at the probation revocation hearing. We agree with appellant that trial counsel was ineffective and, for the reasons that follow, remand the case for an evidentiary hearing.

Appellant was sentenced to two years probation for burglary on June 3, 1982. On December 29, 1983, in Montgomery County, appellant was arrested for and subsequently pled guilty to theft and simple assault. He was sentenced on May 5, 1984, to five years probation for the theft and two years probation for the simple assault.

On January 12, 1984, again in Montgomery County, appellant was arrested for and subsequently pled guilty to rob-

bery. He was sentenced to three and one-half to ten years incarceration for that crime on June 6, 1984.

The probation department apparently did not advise the court of these violations of its June 3, 1982 sentence of probation until September 10, 1984. A hearing was then scheduled for October 17, 1984, at which time appellant was not brought down from the State Correctional Institution at Dallas. The hearing was therefore continued until November 28, 1984, at which time appellant's probation was revoked and a sentence of two to four years imprisonment was imposed. This appeal timely followed.

█ Appellant argues that his right to a speedy revocation hearing under Pa.R.Crim.P. 1409 was violated.[1] The Commonwealth's response to this claim is that it has been waived by appellant's failure to raise it at the revocation hearing. For the reasons that follow, we agree with the Commonwealth.

In *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974), this Court held that another requirement central to a probation revocation hearing, that of written notice of the claimed violation[2], was not subject to waiver because "it would be in derogation of the minimum due process rights of an alleged probation violator to require him to raise lack of notice at a less-than-formal hearing or waive his right to do so." *Id.*, 232 Pa.Superior Ct. at 62, 331 A.2d at 839; see *Commonwealth v. Kile*, 237 Pa.Super. 72, 346 A.2d 793 (1975); *Commonwealth v. Stratton*, 235 Pa.Super. 566, 344 A.2d 636 (1975). This exception to the waiver doctrine was extended to a speedy hearing claim in *Commonwealth v. Spence*, 252 Pa.Super. 341, 381 A.2d 949

1. Rule 1409 provides in relevant part:
 Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation or parole.

2. See *Gagon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

(1977), for the reason that "[t]here is no rational basis for distinguishing between the speedy hearing and written notice requirements since they both are required by due process." *Id.*, 252 Pa.Superior Ct. at 346 n. 2, 381 A.2d at 951 n. 2. This holding was followed in *Commonwealth v. Ruff,* 272 Pa.Super. 50, 414 A.2d 663 (1979). However, in *Commonwealth v. Ziegler,* 286 Pa.Super. 26, 428 A.2d 220 (1981), a panel of this Court, stating that "research has failed to disclose any appellate decisions concerning whether a defendant who fails to assert a denial of a speedy probation hearing waives his right to one under Pa.R. Crim.P. 1409 if he does not raise the issue at the hearing", held that a speedy hearing claim is waived if not raised at the revocation hearing.

It is not, however, necessary for us to resolve this conflict among the decisions of this Court because we believe that our Supreme Court has, at least impliedly, already done so. In *Commonwealth v. Collins,* 492 Pa. 405, 424 A.2d 1254 (1981), the Supreme Court stated the following:

> Appellant now raises several objections to the violation of probation proceeding. *He contends that there was inadequate notice given to him;* that he was denied the right to confront adverse witnesses; *that he was denied a speedy revocation hearing;* and that the sentencing process failed to comport with due process.
>
> A review of the record of the counselled revocation proceeding before Judge McDermott reflects that these objections were not raised during that proceeding. The failure to interpose these objections at any time in the court below precludes their consideration on appeal. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

*Id.*, 492 Pa. at 406–07, 424 A.2d at 1254 (emphasis added).

In *Commonwealth v. King,* 287 Pa.Super. 477, 430 A.2d 990 (1981), a panel of this Court held that the above-quoted portion of *Collins* overruled, *sub silentio,* those cases holding that a written notice claim could not be waived by failure to raise it at the revocation proceeding. We find the

conclusion inescapable that *Collins* also overruled, *sub silentio,* the cases holding that a speedy hearing claim could not be waived by failure to raise it at the revocation proceeding.

In the instant case, appellant did not raise his speedy hearing claim at the probation revocation hearing. We, therefore, under *Collins,* must conclude that appellant has waived that claim.

■■■ However, appellant also raises his speedy hearing claim in terms of ineffective assistance of counsel; i.e., he argues that his counsel at the violation of probation hearing [hereinafter V.O.P. counsel] provided ineffective assistance by not raising at the hearing the claimed denial of appellant's rights under Rule 1409.[3] "To determine whether counsel was ineffective, we must first ascertain whether there were reasonable grounds on which to pursue the omitted claims." *Commonwealth v. Diaz,* 258 Pa.Super. 346, 349, 392 A.2d 827, 828 (1978), citing *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). If there was arguable merit to the omitted claim, we must next ascertain whether counsel had a reasonable basis for omitting the claim. *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498

**3.** This issue is properly before us since this is the first opportunity that counsel other than counsel whose ineffectiveness is being alleged has had to raise the claim. See *Commonwealth v. Olsen,* 247 Pa.Super. 513, 372 A.2d 1207 (1977). Although current counsel did not enter his appearance until 29 days after sentence was imposed, he did attempt at that time to raise the ineffective assistance of counsel claim in a motion to modify sentence. The court below properly ruled that the motion was untimely under Pa.R.Crim.P. 1410 which requires such a motion to be filed within ten days after imposition of sentence. We hasten to add that even if new counsel had represented appellant earlier and the Rule 1410 motion had been timely, the claim would still not have been properly raised by the motion. Only claims involving the sentence itself, e.g., a claim that the sentence is excessive or that the reasons given on the record for the sentence are inadequate, may be raised in a Rule 1410 motion. There is at present no procedure analogous to the filing of post-verdict motions under Pa.R. Crim.P. 1123 after a trial, for raising non-sentencing issues in the lower court after a revocation hearing. Since the issue that counsel was ineffective for not raising a speedy hearing claim is a non-sentencing issue, this appeal is the first opportunity new counsel has had since representing appellant to raise that issue.

A.2d 423 (1985) (en banc). Finally, if counsel had no reasonable basis for omitting the claim, the appellant will still not be entitled to any relief if the omission of the claim was harmless beyond a reasonable doubt. *Id.*

In considering whether there was arguable merit to the speedy hearing claim, we note:

> Rule 1409 does not establish a presumptive period in which the Commonwealth must revoke probation, but, instead, the question is whether the delay was reasonable under the circumstances of the specific case. *Commonwealth v. Kane,* [315] Pa.Super. [212], 461 A.2d 1246 (1983). In evaluating the reasonableness of the delay the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. *Commonwealth v. Young,* 262 Pa.Super. 253, 396 A.2d 741 (1978).

*Commonwealth v. McCain,* 320 Pa.Super. 394, 396–97, 467 A.2d 382, 383 (1983) (footnote omitted).

■ For purposes of Rule 1409, the relevant period of delay is calculated from the date of conviction to the date of the revocation hearing. *Commonwealth v. Reed,* 277 Pa. Super. 94, 419 A.2d 677 (1980). However, the term "conviction" in this context does not refer to the disposition of post-trial motions or to a sentence, but, instead, refers to a verdict or a plea of guilty. *Commonwealth v. Jones,* 250 Pa.Super. 116, 378 A.2d 481 (1977).

■ In the instant case, the record does not indicate on what dates appellant pled guilty to the crimes constituting the violations of probation; it indicates only on what dates appellant was sentenced for those crimes. However, even assuming that appellant was sentenced on the dates he pled guilty, the shortest period of delay in this case was five months and three weeks. "In *Commonwealth v. White,* [218 Pa.Super. 188, 279 A.2d 768, 769 (1971) ] a delay of five and one-half months was held unreasonable under the circumstances. We are therefore unable to say that the delay in the instant case was intrinsically reasonable." *Id.,* 250

Pa.Superior Ct. at 120, 378 A.2d at 483; see *McCain,* supra. Therefore, the delay weighs in appellant's favor. *Commonwealth v. Smith,* 266 Pa.Super. 234, 403 A.2d 1326 (1979).

We next consider the reasons for the delay. In evaluating the reasons for the delay,

> [a] deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay. *Barker v. Wingo,* 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972) (footnote omitted).

*Jones,* 250 Pa.Super. at 120–21, 378 A.2d at 483.

The Commonwealth explains the delay by noting that: the Probation Department did not inform the court of the out-of-county convictions until September 10, 1984; the court immediately set a revocation hearing for the next available date, October 17, 1984, but appellant was not brought down from prison; and the court scheduled a new date for the hearing of November 28, 1984, at which time it revoked probation.

We note first that the "facts" that the Probation Department did not inform the court of the convictions until September 10, 1984, and that a hearing was immediately set for the next available date are contained only in the opinion of the lower court and are thus not part of the record. See *Commonwealth v. Darush,* 501 Pa. 15, 459 A.2d 727 (1983). An appellate court may not, of course, consider facts not of record. *Commonwealth v. Mazzochatti,* 299 Pa.Super. 447, 445 A.2d 1214 (1982).

Even if we were to consider the "facts" set forth in the lower court's opinion, they and the other reasons ad-

vanced by the Commonwealth, in the absence of some explanation as to *why* the Probation Department took over three months to inform the court of the violations and *why* appellant was not brought down from prison on October 17, 1984, indicate that the delay resulted from factors exclusively in the Commonwealth's control. Thus, the delay at best falls into the "neutral" category and, as such provides some support for appellant's position. See *Jones,* supra.

■ The final factor to be weighed is the prejudice resulting from the delay. In the instant case, no actual prejudice resulted from the delay. Appellant does not and could not object to lost evidence relating to the fact of violation because that issue was resolved in the prior criminal proceedings and cannot be relitigated. *Id.,* citing *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Also, appellant was not incarcerated during the delay because of a prima facie showing of a probation violation, but rather was in jail because of the sentence of three and one-half to ten years he received for the probation violating offense of robbery. In such a case, the interest in providing a prompt revocation hearing is substantially reduced. See *Jones,* supra; *Commonwealth v. Parker,* 244 Pa.Super. 113, 366 A.2d 941 (1976).

■ However, "our cases have held that something less than actual prejudice may tip the balance in an appellant's favor." *Diaz, supra,* 258 Pa.Super. at 350 n. 3, 392 A.2d at 829 n. 3 (1978). They "have indicated that a certain amount of prejudice necessarily follows from the mere fact of the expiration of the [probationary] period." *McCain,* 320 Pa. Super. at 398, 467 A.2d at 384, quoting *Commonwealth v. Holmes,* 248 Pa.Super. 552, 560, 375 A.2d 379, 382 (1977).

■ In the case *sub judice,* the probationary period expired on June 3, 1984. The revocation hearing of November 28, 1984 was thus held almost six months after the expiration of the probation period.[4] Therefore, we must

---

4. The Commonwealth manifests a most disturbing misapprehension of the record when it states in its brief that the probationary period

conclude that appellant suffered some "technical" prejudice. Considering the, at minimum, five month and three week delay in this case and the, at best, "neutral" reasons offered by the Commonwealth for that delay, we believe that "technical" prejudice suffered by appellant is sufficient to tip the balance in appellant's favor. Thus, we conclude that a claim that appellant was denied his right to a speedy hearing under Rule 1409 would have been of arguable merit.

 We also believe that there can be no reasonable basis for VOP counsel to have failed to have raised this issue. *Cf. Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977) (there is no reasonable basis for an attorney to fail to object to a violation of his client's right to a speedy trial under Pa.R.Crim.P. 1100). If VOP counsel had raised the speedy hearing claim, appellant's probation could not have been revoked.[5] Thus, we must conclude that appellant's right to effective assistance of counsel was violated.[6]

had not ended and would not have ended until 1986. This conclusion appears to stem from its earlier statement that appellant had received a term of probation of two to four years. This statement is obviously incorrect since a sentence of probation is for a fixed length of time rather than for a minimum to a maximum term. See 42 Pa.C.S. § 9754. The Commonwealth thus appears to have assumed that the probationary period was four years which would have extended it into 1986. The record is quite clear, however, that the probationary period was two years beginning on June 3, 1982.

5. The Commonwealth makes the somewhat absurd argument that in order to show that counsel was ineffective for failing to raise the speedy hearing claim, appellant must allege and prove that he requested counsel to raise the claim and counsel failed to do so. However, the very reason a defendant is entitled to competent counsel in the first place is that it is presumed that he is not aware of such things as the existence of Rule 1409, the right to a speedy hearing under the rule, and the need to raise a deprivation of that right at the hearing. If a defendant has not been afforded a speedy revocation hearing, he has a right to have his counsel raise that issue at the hearing whether or not he requested counsel to do so.

6. We find that the same reasoning that supports the conclusion that there could be no reasonable basis for not raising the speedy hearing claim, also supports the conclusion that counsel's omission was not harmless.

■ The final question we must address is to what remedy this violation entitles appellant. This question arises because the Commonwealth does not have to put proof on the record that a defendant was afforded a speedy hearing when that issue is not raised at the revocation hearing, see *Spence, supra,* and since the speedy hearing claim was not raised below, the Commonwealth may have been able to prove below that the hearing was speedy, but found it unnecessary to do so. It is thus arguable that the proper remedy would be to remand the case for a limited hearing to give the Commonwealth the opportunity to prove that appellant was given a speedy revocation hearing. See *Diaz, supra.*

Such a remedy would be analogous to that given in the context of a written notice raised for the first time on appeal in those cases decided during the time such a claim would be entertained for the first time on appeal. In *Spence, supra,* we held that, where the defendant had not raised the issue of lack of notice before the lower court, we would remand for a limited hearing to determine whether written notice was in fact provided if the Commonwealth alleged on appeal that it had been given.

■ We believe a remand for a limited hearing is also appropriate in the context of a speedy hearing claim in order to give the Commonwealth the same opportunity to put evidence on the record regarding that claim that it would have had had counsel not failed to raise the issue at the revocation hearing. Therefore, we hold that where counsel is found to have been ineffective for failing to raise a speedy hearing claim at a probation revocation hearing, we will remand the case for a hearing limited to the question of whether the defendant was given a speedy hearing under Pa.R.Crim.P. 1409, *if* the Commonwealth on appeal offers to prove facts which would establish that the defendant was afforded a speedy hearing.

■ In the instant case, we do not believe the Commonwealth has made an offer of proof sufficient to justify a remand of the case for a limited hearing. The only facts not of record offered by the Commonwealth are that the

Probation Department did not inform the lower court of the out-of-county convictions until September 10, 1984 and that the court immediately set a revocation hearing for the next available date. As discussed *supra*, assuming the truth of these allegations, they, in conjunction with the facts of record, do not establish that appellant was afforded a speedy hearing. Therefore, we could simply reverse the order revoking probation and vacate the judgment of sentence. However, since this is the first case to announce that the Commonwealth will be entitled to a limited hearing only if it alleges sufficient facts, we will give the Commonwealth the benefit of the doubt and remand for a limited hearing in this case and only this case despite the Commonwealth's failure to allege facts which if proven would establish that appellant was afforded a speedy revocation hearing.

Case remanded for an evidentiary hearing which is to be limited to the question of whether appellant was afforded a speedy probation revocation hearing. Jurisdiction of this panel is retained.