COMMONWEALTH of Pennsylvania

v.

**Abdul CLARK a/k/a Jamal Jones, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.

Filed April 6, 2004.

Ronald A. Smith, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: FORD ELLIOTT, McCAFFERY, and TAMILIA, JJ.

FORD ELLIOTT, J.

¶ 1 This is an appeal from the judgment of sentence entered on October 10, 2002 pursuant to the revocation of appellant's probation. Appellant, Abdul Clark a/k/a Jamal Jones, contends that he was denied his right to a speedy probation violation hearing. We are constrained to affirm.

¶ 2 The facts reveal that the original sentence was imposed following appellant's negotiated guilty plea on March 30, 1994, to robbery and criminal conspiracy. The Honorable James Murray Lynn imposed judgment of sentence on June 29, 1994 to an aggregate term of three years' reporting probation. On September 4, 1996, while on probation, appellant was arrested and charged with two counts of robbery, theft, receiving stolen property, recklessly endangering another person, and simple assault. On September 9, 1997, a jury convicted him of two counts of robbery; the Honorable Edward J. Bradley sentenced him to an aggregate term of five to ten years' incarceration.

¶ 3 Thereafter, Judge Lynn lodged a detainer against appellant due to the robbery convictions. Between December 17, 1997 and October 10, 2002, over 25 violation of probation ("VOP") hearings were scheduled; the majority of these hearings were continued because appellant was not brought down from prison despite the issuance of court writs directing prison officials to bring appellant to his VOP hearings.

¶ 4 On October 10, 2002, a VOP hearing was held before Judge Lynn. Appellant objected that the hearing was untimely and the court denied the motion. (Notes of testimony, 10/10/02 at 3–5.) Appellant's probation was revoked as he was found to be in direct violation of the probation imposed June 24, 1994. Appellant was sentenced to three and a half to seven years' incarceration; Judge Lynn also imposed a consecutive term of three years' probation.

¶ 5 On October 21, 2002, appellant filed a timely appeal. On March 25, 2003, the trial court ordered appellant to file a 1925(b) statement of matters complained of on appeal. Both issues raised in his 1925(b) statement posit that the trial court erred in dismissing his motion for dismissal of probation revocation under Rule 708, 42 Pa.C.S.A. (Appellant's brief at 1.) We disagree.

¶ 6 Rule 708 provides in relevant part:

(B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa. R.Crim.P. 708(B)(1), (2).

¶ 7 The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. *Commonwealth v. Saunders*, 394 Pa.Super. 347, 575 A.2d 936, 938 (1990). Rule 708 does not establish a presumptive period in

which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. *Commonwealth v. McCain*, 320 Pa.Super. 394, 467 A.2d 382, 383 (1983). The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing. *Id.*

¶ 8 In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. *Saunders, supra.* The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. *Commonwealth v. Bischof*, 420 Pa.Super. 115, 616 A.2d 6, 8 (1992). Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty. *Commonwealth v. Marchesano*, 519 Pa. 1, 6–7, 544 A.2d 1333, 1336 (1988).

¶ 9 Instantly, appellant was convicted on September 9, 1997 of robbery. The first scheduled VOP hearing was on December 17, 1997. Appellant, however, was not brought down from state custody. A hearing was not held until October 10, 2002. Over four years passed without a VOP hearing being held; each time a hearing was scheduled, the writ was canceled because no beds were available in the county jail.

¶ 10 We agree with appellant that such a long delay can only be said to be unreasonable. As the court stated in *Bischof*, "[a]lthough we have found one case in which a 10 month delay was found to be reasonable, [*Commonwealth v. Pelzer*, 319 Pa.Su-

per. 282, 466 A.2d 159 (1983) ], we have found no case in which such a protracted length of time [almost 2 years] has been deemed reasonable." *Bischof, supra*, citing *McCain, supra* (12–month delay was unreasonable); *Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379 (1977) (22½-month delay was unreasonable); *Commonwealth v. Jones*, 242 Pa.Super. 558, 364 A.2d 414 (1976) (9½-month delay was unreasonable). Therefore, we have no doubt that a delay of this length cannot be dismissed as "intrinsically reasonable." *Commonwealth v. Dugan*, 335 Pa.Super. 82, 483 A.2d 965, 967–968 (1984), citing *Commonwealth v. White*, 218 Pa.Super. 188, 279 A.2d 768, 769 (1971); *Commonwealth v. Jones*, 250 Pa.Super. 116, 378 A.2d 481, 483 (1977).

¶ 11 However, speediness of the hearing is not measured solely on length of the delay. *Bischof, supra.* Next, we must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. *Commonwealth v. Mines*, 797 A.2d 963, 965 (Pa.Super.2002), *appeal denied*, 571 Pa. 705, 812 A.2d 1229 (2002). The Commonwealth argues that it was not responsible for the delay; the Commonwealth also argues that the lower court was not accountable for the delay. Rather, the court's writs were canceled due to lack of bed space available in the county jail. (Commonwealth's brief at 6.)

¶ 12 *Mines, supra*, involves a Rule 600 delay for failing to bring the defendant to trial within 365 days. The defendant was also not brought to trial due to prison overcrowding; writs were canceled and he was not brought down from state custody. The court held, "delays resulting despite the issuance of a bringdown and writ for the defendant's appearance are not chargeable against the Commonwealth." *Id.* at 965, citing *Commonwealth v. Nel-*

*lom,* 388 Pa.Super. 314, 565 A.2d 770 (1989). "The prosecutor cannot be charged with responsibility for the delay because the system seems unable to find, transport, and house defendants in their custody. Unfortunately, writs issued for defendants in state custody are routinely cancelled and defendants are not brought to court because of overcrowding." *Id.* Therefore, we find no merit to the contention that the Commonwealth was not diligent in its efforts to provide appellant with a prompt hearing.

¶ 13 Finally, we turn to whether appellant suffered prejudice due to the delay. We begin by noting that appellant presents no argument in terms of any prejudice suffered due to the delay. For instance, appellant has not claimed that he was deprived of an essential witness or evidence due to the delay. *See, e.g., Bischof, supra* ("Appellant suffered no harm in the way of favorable evidence or witnesses lost to him because of the delay."). Appellant merely focuses on the length of the delay, rather than facts supporting that this delay caused him prejudice.

¶ 14 Nevertheless, our review of the record reveals that during the delay, appellant was serving the sentence imposed by Judge Bradley on the September 9, 1997 conviction. Thus, we find that appellant was not prejudiced because of the delay as he was not imprisoned longer than he otherwise would have been. *See Marchesano, supra* (no prejudice from delay where defendant was already incarcerated for other convictions); *Bischof, supra* at 9 (defendant not prejudiced by delay as he was already incarcerated on the charges for which his parole was revoked).

¶ 15 Judgment of sentence affirmed.

¶ 16 McCAFFERY, J. files a Concurring Statement which is joined by FORD ELLIOTT, J. and TAMILIA, J.

McCAFFERY, J., Concurring.

¶ 1 I wholeheartedly join in the well-reasoned Majority Opinion of my esteemed colleague, the Honorable Kate Ford Elliott. However, I am compelled to write separately because I, too, "certainly sympathize with the problems of judges and prosecutors trying to obtain the presence of an incarcerated defendant for trial who is in the state prison system on another case." *Commonwealth v. Mines,* 797 A.2d 963, 966 (Pa.Super.2002), *appeal denied,* 571 Pa. 705, 812 A.2d 1229 (2002). Due to severe overcrowding in the Philadelphia Prison System, the number of probationers/parolees in state institutions, and the problems encountered when bringing defendants down from state custody, I strongly recommend expanding the use of videoconferencing to hold Violation of Probation ("VOP") hearings. This would significantly decrease the number of times these hearings would need to be continued because a defendant was not brought down, thus benefiting the defendant.