J-S46019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDEN T. GILMORE | |
| Appellant | No. 1916 MDA 2013 |

Appeal from the Judgment of Sentence September 30, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001071-2004,
CP-22-CR-0001072-2004, CP-22-CR-0001073-2004,
CP-22-CR-0001083-2004, CP-22-CR-0001394-2004
CP-22-CR-0002044-2044

BEFORE: SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 21, 2014**

Branden T. Gilmore appeals from his judgment of sentence imposed in the Court of Common Pleas of Dauphin County after his parole was revoked. Counsel has filed a petition to withdraw pursuant to *Anders*, *McClendon* and *Santiago*.[1] Upon review, we affirm Gilmore's judgment of sentence and grant counsel's petition to withdraw.

> [Gilmore] had been on state parole following a period of incarceration . . . lasting just under five (5) years after pleading

---

[1] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981); and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

guilty [to five counts of robbery[2] and one count of escape[3]]. [Gilmore] had been released for parole on December 3, 2009.

While on parole, [Gilmore] was arrested on October 18, 2011 and charged with two counts of [p]ossession with [i]ntent to [d]eliver, one count of [c]riminal [u]se of a [c]ommunications [f]acility, and one count of [u]nlawful [p]ossession of [d]rug [p]araphernalia. On November 5, 2012, Gilmore entered a plea of guilty to all charges and, on the same day, was sentenced to a term of twelve (12) to twenty-four (24) months['] incarceration followed by two years of special probation.

On September 30, 2013, [Gilmore] came before [the trial court] for the purpose of a revocation [of parole] hearing . . . based on the allegation that his [subsequent] conviction . . . was a violation of his parole. [Gilmore] was represented by counsel during his revocation hearing and did not contest that his conviction qualified as a parole violation. After the Commonwealth, [Gilmore's] counsel and Gilmore addressed [the court, the court] found that [Gilmore] had violated his parole and therefore it should be revoked at all dockets. Gilmore was resentenced to [2 ½ to 5 years' incarceration followed by 10 years of special probation].

Trial Court Opinion, 2/5/14, at 1-2.

"When faced with a purported ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005). In order to withdraw pursuant to ***Anders*** and ***McClendon***, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised

_____

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] 18 Pa.C.S. § 5121(d)(2).

are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. ***Commonwealth v. Hernandez***, 783 A.2d 784, 786 (Pa. Super. 2001). In ***Santiago***, the Pennsylvania Supreme Court altered the requirements for withdrawal under ***Anders*** to mandate the inclusion of a statement detailing counsel's reasons for concluding the appeal is frivolous.

Instantly, counsel's petition states that she has made an examination of the record and concluded the appeal is wholly frivolous. Counsel supplied Gilmore with a copy of the brief and a letter explaining Gilmore's right to proceed *pro se*, or with newly-retained counsel, and to raise any other issues he believes might have merit.[4] Counsel also has submitted a brief, setting out in neutral form a single issue of arguable merit. Finally, counsel has explained, pursuant to the dictates of ***Santiago***, why she believes the issue to be frivolous. ***See Anders*** Brief, at 11-12. Thus, counsel has substantially complied with the requirements of ***Anders***, ***McClendon*** and ***Santiago***.

Counsel having satisfied the procedural requirements for withdrawal, this Court must conduct its own review of the proceedings and render an

_____

[4] Gilmore has not submitted any additional issues on appeal.

independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). In her *Anders* brief, counsel raises the following issue: Whether Gilmore was denied due process and whether his right to a prompt hearing was violated where his revocation hearing was scheduled more than ten months after he pled guilty to the charges that were the basis for his revocation.

Before addressing Gilmore's substantive claim, we must address the Commonwealth's contention that Gilmore has waived his issue on appeal. In order to preserve an issue for appellate review, "a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." *Thompson v. Thompson*, 963 A.2d 474, 475-476 (Pa. Super. 2008). This Court has reviewed the transcript of the revocation hearing that took place before the trial court, and it is clear that Gilmore did not object to the delay of which he now complains. *See Commonwealth v. Marchesano*, 502 A.2d 597 (Pa. Super. 1985), order vacated on other grounds, *Commonwealth v. Marchesano*, 544 A.2d 1333 (Pa. 1988). (speedy hearing claims must be raised and preserved at revocation hearing, or be deemed waived). As such, we would normally conclude that Gilmore has waived his right to raise this issue on appeal. However, *Anders* requires review of issues otherwise waived on appeal. *Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009), citing

***Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa. Super. 2001).

Accordingly, we will address the merits of Gilmore's claim.

> Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been: (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.C.P. 708(B)(1)-(2).

> The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay.

***Commonwealth v. Christmas***, 995 A.2d 1259, 1262-63 (Pa. Super. 2010). Additionally, although one specific purpose for requiring a prompt revocation hearing is to prevent unnecessary restraint of personal liberty, "if a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty." ***Id.*** at 1263-64.

In the instant case, Gilmore pled guilty to the new charges that served as the basis for the revocation of his parole on December 12, 2012. The court sentenced him to one to two years' incarceration, followed by two years of special probation. On September 13, 2013, when the revocation

- 5 -

hearing took place, Gilmore was still incarcerated on those charges. Therefore, Gilmore was not prejudiced due to the delay of ten months between the entry of his guilty plea and the revocation hearing.

Judgment of sentence affirmed; petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2014