J-S82014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TWAIN D. PEARSON | |
| Appellant | No. 504 MDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003881-2010

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                     **FILED MARCH 28, 2017**

Twain D. Pearson appeals from the judgment of sentence entered February 22, 2016, in the Luzerne County Court of Common Pleas, following the revocation of his probation, and made final by the denial of post-sentence motions on March 9, 2016.  The trial court sentenced Pearson to a term of six to 12 months' imprisonment in a county prison.  The sole issue on appeal is whether the Commonwealth met its burden in conducting a revocation hearing "as speedily as possible" pursuant to Pennsylvania Rule of Criminal Procedure 708.  Pa.R.Crim.P. 708(B)(1).  After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court set forth the factual and procedural history as follows:

On December 10, 2010, a Preliminary Arraignment was held and on December 15, 2010, [Pearson]'s bail was modified to five thousand ($5000.00) dollars unsecured. [Pearson] was provided an arraignment date of February 25, 2011 at 9:00 a.m. On April 1, 2011, a Status Conference was conducted and [Pearson] failed to appear. On May 10, 2011, a Pre-Trial Conference was held and [Pearson] again failed to appear. The Court did not issue a capias despite the failure to appear. The matter was rescheduled to June 20, 2011. On June 20, 2011, [Pearson] again failed to appear for the Pre-Trial Conference and a capias was issued.

[Pearson] was picked up on the capias, and on July 5, 2011, [his] bail was reinstated and the capias was lifted. He was provided personal notice by the Honorable Joseph Cosgrove as to the next tr[ia]l date – July 6, 2011 at 9:00 a.m. The case was continued thereafter to September 16, 2011 at 9:30 a.m. with personal notice to [Pearson].

Again, on September 16, 2011, [Pearson] failed to appear and a capias was issued. [Pearson] was arrested on the warrant in October 2011, and a hearing was conducted on October 11, 2011 wherein the Honorable Joseph Van Jura lifted the capias and reinstated the unsecured bail. The Court issued an Order dated October 31, 2011 scheduling a Pre-trial Conference for November 18, 2011.

At the hearing on November 18, 2011, [Pearson] failed to appear and another capias was entered. [Pearson] remained at large until January 3, 2012, when the court denied the lift capias request and a hearing was scheduled for January 6, 2012. On January 6, 2012, [Pearson] plead guilty and sentencing was scheduled for March 20, 2012. The capias was again lifted [when Pearson was] provided personal notice of the court date. Sentencing was continued on March 20, 2012, upon request of [Pearson] to make application for the Luzerne County Intermediate Punishment program (IPP). The new sentencing date of June 1, 2012 was personally provided to [Pearson].

On June 1, 2012, [Pearson] failed to appear at the sentencing and another capias was entered.

[Pearson]'s whereabouts remained unknown until he was arrested on the warrant in September of 2012. On September 28, 2012, the request to lift capias was denied and the sentencing date was scheduled for October 10, 2012.

On October 10, 2012, [Pearson] was sentenced to one (1) year probation, the capias was lifted and [he] was released pending other detainers. [Pearson] also had new charges pending in Luzerne County filed to number 723 of 2012.

In May of 2013, a warrant was issued for [Pearson] alleging he absconded supervision and failed to report for the month of April 2013; his address change was not approved; he was charged with new crimes; was in arrears and did not do court ordered community service or drug and alcohol evaluations.

[Pearson] was not apprehended until January 5, 2016, two (2) years and (8) eight months after the issuance of the capias.

On January 12, 2016, a hearing on the Probation Violation was scheduled for January 25, 2016. On February 22, 2016, the Probation was revoked and [Pearson] was resentenced to as follows:

Count 1 – Simple Assault (M2) – a period of incarceration not less than six (6) months nor more than twelve (12) months at the Luzerne County Correctional Fac[ili]ty.

Again, prior to Mr. Pearson being sentenced, there were multiple capiases issued for [Pearson]. Even after he plead guilty, [Pearson] failed to appear for sentencing resulting in another capias. [Pearson] was sentenced to probation despite absconding repeatedly and having approximately five capiases issued.

On March 2, 2016, [Pearson] filed a Motion to Modify Sentence/Reconsideration which was denied on March 9, 2016. Thereafter Mr. Pearson filed a timely Notice of Appeal, on March 22, 2016.

Trial Court Opinion, 6/28/2016, at 1-3.[1]

In his sole issue on appeal, Pearson claims the Commonwealth failed to meet it burden in conducting a revocation hearing "as speedily as possible" pursuant to Rule 708. **See** Pearson's Brief at 8.[2] Specifically, he states:

> The [Commonwealth] has the burden of proof with respect to a purported violation. Not a scintilla of evidence was presented at the **Gagnon II**[3] hearing that Mr. Pearson had been an absconder. Although there is no presumptive period in which probation must be revoked, revocation hearings must be held with reasonable promptness after a probation officer is chargeable with knowledge that there has been a violation. The date of the alleged violation in the present case is February 27, 2013. Subsequent to the purported date of the violation, Mr. Pearson had been detained at the Luzerne County Correctional facility, i.e. March 23 to March 26, 2013. The record reflects that Mr. Pearson did not appear at a **Gagnon I** hearing, which had been scheduled for June 5, 2013; however, the record is wholly devoid of any evidence that Mr. Pearson had been given notice of said **Gagnon I** hearing or that his non-appearance was a knowing and voluntary failure on his part. Moreover, Mr. Pearson contended that he continued to reside at the address designated in the Violation Report until 2014.

---

[1] On April 1, 2016, the trial court ordered Pearson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Pearson filed a concise statement on April 21, 2016. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 28, 2016.

[2] It merits mention that Pearson did not raise this issue before or at the February 22, 2016, proceeding. **See generally** N.T., 2/16/2016. Indeed, he raised the issue for the first time in his motion to modify/reconsider sentence on March 2, 2016.

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (discussing revocation hearings).

*Id.* at 9-10 (citations and record citation omitted). Moreover, Pearson claims that under the circumstances, the delay was unreasonable and he was prejudiced by the delay. *See id.* at 10. Further, while he admits he violated his probation by failing to pay and failing to report, there was no determination made by the court regarding his ability to pay and therefore his probation could not be revoked. *See id.* at 10-11.

We begin with our well-settled standard of review:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (citations and quotation marks omitted).

Rule 708, which pertains to a violation of probation, provides, in pertinent part:

> **(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
>> **(1)** a hearing held **as speedily as possible** at which the defendant is present and represented by counsel; and
>
>> **(2)** a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B) (emphasis added).

- 5 -

The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. **Commonwealth v. Saunders**, 394 Pa. Super. 347, 575 A.2d 936, 938 (Pa. Super. 1990). Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. **Commonwealth v. McCain**, 320 Pa. Super. 394, 467 A.2d 382, 383 (Pa. Super. 1983). The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing. **Id**.

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. **Saunders, supra**. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. **Commonwealth v. Bischof**, 420 Pa. Super. 115, 616 A.2d 6, 8 (Pa. Super. 1992). Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty. **Commonwealth v. Marchesano**, 519 Pa. 1, 544 A.2d 1333, 1336 (1988).

**Commonwealth v. Clark**, 847 A.2d 122, 123-124 (Pa. Super. 2004). **See also Commonwealth v. Wright**, 116 A.3d 133, 137 (Pa. Super. 2015).

In the present matter, Pearson pled guilty on January 6, 2012, and the court sentenced him on October 10, 2012. Pearson's first probation violation was filed on May 1, 2013. The violation hearing was originally scheduled for January 25, 2016, and continued by the court until February 22, 2016. The delay involved a period of approximately two years, eight months. Both the parties and the trial court agree the delay of this duration was unreasonable. **See** Pearson's Brief at 10; Commonwealth's Brief at 5; Trial Court Opinion,

6/28/2016, at 6. *See also Commonwealth v. McCain*, 467 A.2d 382, 383 (Pa. Super. 1983) (concluding 12-month delay could not be dismissed as "intrinsically reasonable"); *Clark*, *supra* (finding four-year delay was unreasonable).

Nevertheless, our review does not stop there, as we must address the remaining two factors:  the reasons for the delay and the prejudice resulting to the defendant from the delay.  In analyzing these factors, the trial court found the following:

> In the case at bar, neither the Commonwealth nor the court was responsible for the delay.  Rather, it was the absence of [Pearson] that caused the delays.  There is no merit to the contention that the Commonwealth was not diligent in its efforts to provide Mr. Pearson with a prompt hearing.  [Pearson] is before the court with unclean hands.
>
> Moreover, even if it is found that the Commonwealth could have exercised due diligence in bringing [him] to court, Mr. Pearson has failed to provide any evidence which supports the proposition that he has been prejudiced due to the delay.  *See*, e.g., [*Commonwealth v. Bischof*, 616 A.2d 6 (Pa. Super. 1992)] (appellant suffered no harm in the way of favorable evidence or witnesses lost to him because of the delay)."
>
> The Court now turns its attention to the issue as to whether [the court erred in] failing to conduct a hearing to determine whether the Commonwealth met its burden pursuant to Rule 708.  The record is clear as to the purpose of and Mr. Pearson's position at the February 22, 2016, proceedings:
>
> > THE COURT:  We are here today with regard to a revocation petition that was filed in this matter.  What is the position of your client, counsel?
> >
> > [Defense Counsel]:  With regard to the first alleged violation, he admits.  He also acknowledges the Rule 12 violation that he owes money.

(Notes of Testimony, February 22, 2016, 2:10-18)[.]

> At no time during the course of the proceeding did [Pearson] or his counsel request [a] hearing, rather he chose to make admissions to the violations and made no specific request that the Commonwealth be required to justify the three-year delay between the initial alleged violation and the revocation hearing. Had Mr. Pearson, through his attorney, made such a request or objection, the Court would have immediately addressed the matter.

Trial Court Opinion, 6/28/2016, at 7-8.

We note the record is somewhat unclear as to Pearson's whereabouts during the almost three-year delay period. At the February 22, 2016, hearing, the court refers on numerous occasions to Pearson as having "absconded" or "been on the run." **See** N.T., 2/22/2016, at 3, 8.[4] However, there was no further explanation as where Pearson was during this time or what due diligence the Commonwealth used to procure his presence for the proceeding. Indeed, Pearson's probation officer even testified Pearson was picked up on another case, and not the present matter. **Id.** at 5-6. Accordingly, the reasons for the delay appear to be lacking.

Nonetheless, "where the Commonwealth provides no explanation for the delay, the court should not attribute the delay to the defendant; instead, the court should analyze whether the delay prejudiced the defendant."

---

[4] Defense counsel stated: "I know it's not a great argument, but he hasn't -- you know, there's a reason we haven't seen him in this amount of time." N.T., 2/22/2016, at 5. Nevertheless, counsel provided no further detail on Pearson's two year, eight month absence.

*Commonwealth v. Christmas*, 995 A.2d 1259, 1263 (Pa. Super. 2010) (citation omitted), *appeal denied*, 53 A.3d 756 (Pa. 2012). "To demonstrate a violation of his right to a speedy probation revocation hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him." *Id.*

Here, as the trial court found, and we agree, Pearson did not suffer any prejudice as a result of the delay. Pearson, *via* his counsel, admitted that he committed two probation violations, failure to report and failure to pay costs. *Id.* at 2-3. Additionally, we note that in his argument on appeal, Pearson makes no complaint of any prejudice regarding "loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty." *Clark*, 847 A.2d at 124. Pearson merely states there had been no determination made regarding his ability to pay said amounts. *See* Pearson's Brief at 11. Therefore, we conclude the trial court did not abuse its discretion in imposing Pearson's sentence following the revocation of his probation. According, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017