J-S72007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADRIAN SIMS-EL, | |
| Appellant | No. 669 EDA 2017 |

Appeal from the Judgment of Sentence Entered January 8, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008238-2007

BEFORE: BENDER, P.J.E., MUSMANNO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 22, 2018**

Appellant, Adrian Sims-El, appeals *nunc pro tunc* from the judgment of sentence imposed on January 8, 2016, after his previous terms of probation and parole were revoked. We affirm.

Briefly, in September of 2008, Appellant pled guilty to statutory sexual assault and was sentenced in July of 2009 to a term of incarceration of 6 to 23 months, plus one year probation. He did not file a direct appeal. In August of 2009, Appellant was released on parole. Approximately one year later, in June of 2010, he was found to be in possession of child pornography, which constituted a violation of his parole/probation. Accordingly, he was arrested on June 7, 2010. In September of 2010,

_____

[*] Former Justice specially assigned to the Superior Court.

criminal charges were filed against Appellant in Philadelphia County. Due to the pendency of those charges, as well as other delays, Appellant's parole/probation revocation hearing was not conducted until January of 2016, at which time his parole/probation were revoked and he was resentenced to serve a term of 393 days of 'back time' incarceration, plus a consecutive term of 2 to 8 years' incarceration.

Appellant did not file a timely appeal from his judgment of sentence, but ultimately sought, and was granted, leave to file a *nunc pro tunc* appeal. He filed a *nunc pro tunc* notice of appeal on February 16, 2017, and he also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, despite not being ordered by the court to do so. The court filed a responsive opinion on June 15, 2017. Herein, Appellant presents one issue for our review:

I.     The revocation hearing that took place was not timely. [Appellant] was incarcerated from June 7, 2010 and the revocation did not occur until January 8, 2016. The original sentence imposed was six (6) to twenty[-]three (23) months followed by one year probation. Once [Appellant] reached the maximum, the detainer should have been lifted and the violations dismissed.

Appellant's Brief at 4 (unnecessary capitalization omitted).

We have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have reviewed the thorough and well-crafted opinion of the Honorable George A. Pagano of the Court of Common Pleas of Delaware County. We have also considered the "Case Timeline" created by Judge Pagano and attached to his opinion as "Exhibit A." We

- 2 -

conclude that Judge Pagano's extensive, well-reasoned opinion and case timeline accurately set forth the procedural history of this case,[1] and correctly dispose of the issue presented by Appellant. Accordingly, we adopt Judge Pagano's opinion and timeline as our own and affirm Appellant's judgment of sentence on that basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/18

---

[1] Appellant seemingly takes issue with the trial court's statement that a **Gagnon I** hearing was held on June 22, 2010. **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (holding that due process requires a determination at a pre-revocation hearing, *i.e.*, a **Gagnon I** hearing, that probable cause exists to believe a violation has been committed). **See also** Appellant's Brief at 9 ("The Commonwealth represented and the [c]ourt echoed that a **Gagnon I** [h]earing was held on June 22, 2010. In fact, it was not."). While there is no transcript of the June 22, 2010 hearing contained in the certified record, the trial court's docket demonstrates that a hearing was conducted on that date, and it was determined at that proceeding that Appellant would be held for a **Gagnon II** hearing. Appellant does not seem to dispute any other dates set forth in the trial court's opinion or e timeline.

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :      CP-23-CR-0008238-2007

                :

         vs.            :

                :

ADRIAN SIMS-EL              :

                :

Michael R. Galantino, Esquire, Attorney for the Commonwealth of Pennsylvania
Scott D. Galloway, Esquire, Attorney for Defendant

## OPINION

**PAGANO, J.**                                     **Filed: June 15, 2017**

This is a *Nunc Pro Tunc* Direct Appeal from the Court's Judgment of Sentence entered on January 8, 2016. Adrian Sims-El, hereinafter "Defendant," argues that he is entitled to relief after the court found him in violation of his probation and parole at the conclusion of a Gagnon II Hearing, and imposed a new sentence.

The Defendant claims the Court erred by (1) holding an un-timely Hearing, (2) holding a Hearing despite the Defendant not having been provided with a written notice of his violations, (3) failing to place in writing or otherwise state the reasons for revoking probation, (4) considering during the Hearing arguments regarding the Defendant's 2006 criminal charges in Philadelphia County, Pennsylvania, and (5) revoking the Defendant's probation based on a condition that had not been previously imposed by the court. The Defendant's contentions are meritless.

APPENDIX "A"

1

## FACTUAL HISTORY

Part of the following facts are contained in the Affidavit of Probable Cause to which the Defendant stipulated when he entered his Open Guilty Plea on September 23, 2008.

On November 3, 2007, Officer Charles Peterson of the Upper Darby Township Police Department observed the Defendant and the female victim engaging in sexual intercourse inside a vehicle on a parking garage located on Heather Road and Chestnut Street, in Delaware County, Pennsylvania. After learning that the victim was fifteen (15) years of age, Officer Paterson took the Defendant into custody and transported him to the Upper Darby Township Police Department. The victim was also transported to the Upper Darby Township Police Department and the victim's parents were notified.

During the interview with Officer Paterson, the victim stated that after meeting with the Defendant and driving to the movie theater parking lot, the Defendant performed cunnilingus on her and they subsequently engaged in vaginal intercourse. The Defendant, who was interviewed after the victim, signed a form acknowledging that he understood his constitutional rights, and provided a signed, written statement in which he admitted to having met the victim and to having engaged in sexual intercourse with her in his vehicle.

On May 26, 2010, while the Defendant was still on probation and parole, three agents from the Delaware County Office of Adult Probation and Parole conducted a routine compliance check of the Defendant's residence in Philadelphia County. (N.T. 4/26/13 at p. 80). Since the Defendant was away, the three agents were escorted to the Defendant's bedroom by the Defendant's father. (N.T. 4/26/13 at p. 80). Upon inspection of the Defendant's bedroom, one of the agents found two (2) labeled DVDs containing pornographic material and two (2) computers containing pornographic images. (N.T. 4/26/13 at pp. 85-6).

2

One of the agents, who had remained downstairs with the Defendant's father while the other agents were searching the Defendant's bedroom, spoke with the Defendant immediately upon his arrival at the residence. (N.T. 4/26/13 at p. 47). The agent informed the Defendant that agents of the Delaware County Office of Adult Probation and Parole were at his residence to perform a standard compliance check. (N.T. 4/26/13 at p. 47). This agent subsequently left to notify the other agents of the Defendant's presence in the residence. (N.T. 4/26/13 at p. 47). When the agent returned downstairs, the Defendant was no longer in the residence and the agent learned that the Defendant had left the residence. (N.T. 4/26/13 at p. 47).

Following the search, a Bench Warrant was issued on June 3, 2010, and on June 7, 2010, the Defendant was incarcerated. (N.T. 4/22/14 at p. 8). On September 24, 2010, criminal charges were filed against the Defendant on two separate criminal cases in Philadelphia County and the Defendant was arrested on those charges.

## PROCEDURAL HISTORY

The Defendant was arrested and charged in Delaware County on November 3, 2007, with one (1) count of Statutory Sexual Assault,[1] one (1) count of Involuntary Deviate Sexual Intercourse,[2] one (1) count of Aggravated Indecent Assault,[3] one (1) count of Indecent Assault,[4] one (1) count of Indecent Exposure,[5] and one (1) count of Endangering the Welfare Of A Child.[6] On December 3, 2007, the Defendant waived his right to a Preliminary Hearing and agreed to proceed on a Negotiated Waiver. Pursuant to the Negotiated Waiver, the Commonwealth of Pennsylvania withdrew the charges of Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Indecent Assault, Indecent Exposure, and

---

[1] 18 Pa.C.S.A § 3122.1
[2] 18 Pa.C.S.A § 3123(a)(7)
[3] 18 Pa.C.S.A § 3125(a)(8)
[4] 18 Pa.C.S.A § 3126(a)(8)
[5] 18 Pa.C.S.A § 3127(a)
[6] 18 Pa.C.S.A § 4304(a)

Endangering the Welfare Of A Child. Magisterial District Justice Harry J. Karapalides, Esquire of the Upper Darby District Court approved the Negotiated Waiver and held the Defendant for court on the sole charge of Statutory Sexual Assault.

On September 23, 2008, the Defendant entered an Open Guilty Plea on Information A, Statutory Sexual Assault, a Felony of the Second Degree. The court determined that the Defendant's Open Guilty Plea was knowing, intelligent, and voluntary. The court ordered a psychosexual evaluation to be performed, a drug and alcohol evaluation to be performed, the conditions of bail to remain the same, and the release of the Defendant from Electronic Home Monitoring. On February 18, 2009, a Hearing was held in court on the Defendant's Motion To Withdraw The Open Guilty Plea. On March 9, 2009, the court issued an Order denying the Defendant's Motion To Withdraw The Open Guilty Plea.

On July 23, 2009, following the Sentencing Hearing the court sentenced the Defendant as follows: on Information A, Statutory Sexual Assault, Felony of the Second degree, to serve six (6) to twenty-three (23) months, of which three (3) months to be served in Delaware County Prison, to receive credit for time served between November 3, 2007 and December 17, 2007 for a total of forty-four (44) days, the balance of forty-six (46) days to be served on twenty-three (23) consecutive weekends starting on July 31, 2009, the three (3) month remainder of the minimum to be served on Electronic Home Monitoring, serve the balance of the parole time, serve one (1) year consecutive probation, complete and follow recommendations of Diagnostic Services, complete a psychosexual evaluation, comply with general rules and regulations governing Probation and Parole. On August 9, 2009, the Defendant was released on parole. On August 26, 2009, the court added to the Defendant's sentence the following: to comply with Sexual Offender Rules and Regulations of Probation and Parole.

4

On June 3, 2010, the court issued a Bench Warrant for the Defendant after the search conducted on the Defendant's residence on May 26, 2010. On June 22, 2010, after a Gagnon I Hearing, the Office of Probation and Parole determined that the Defendant had violated his probation and parole, had failed to complete court ordered treatments or other conditions of his sentence, and was to appear in court for a Gagnon II Hearing. On November 24, 2010, a Preliminary Hearing was held in Philadelphia County, at the conclusion of which the Defendant was held for court in that county. Subsequently, a Gagnon I Hearing was held in this case determining that the Defendant would appear in court for a Gagnon II Hearing after the disposition of his criminal cases in Philadelphia County.

On April 26, 2013, a Gagnon II Hearing was held in court, where the court took the Commonwealth's and the Defense's arguments under advisement and gave the parties the opportunity to submit briefs on issues raised during the Hearing. The Gagnon II Hearing was concluded in court on April 22, 2014. On January 8, 2016, following the Sentencing Hearing, the court found the Defendant in violation of his probation and parole, and sentenced the Defendant as follows: the Defendant's parole to be revoked and a new sentence of three hundred and ninety-three (393) days back time to be imposed with immediate parole to be served at the Delaware County Prison, the Defendant's probation to be revoked and a new sentence of two (2) to eight (8) years to be imposed, the new sentence to run consecutive to the Defendant's back time and to be served at the State Correctional Institution, the Defendant is to participate in an intensive sexual offender treatment program while incarcerated, to complete the treatment successfully prior to release from prison, to comply with general rules and regulations of Probation and Parole, Bench Warrant to be rescinded, the sentence in this case to run consecutive

to the sentence imposed by The Court of Common Pleas of Philadelphia County in the matter No. 14700-2010.

On April 14, 2016, the Defendant filed a Post-Conviction Relief Act Petition For Allowance Of An Appeal *Nunc Pro Tunc*, explaining that his attorney had not filed a Notice of Appeal by February 6, 2016. On April 20, 2016, by way of a court Order, the court appointed Scott D. Galloway, Esquire, to represent the Defendant. On January 18, 2017, the court issued an Order granting the Defendant the right to file a *Nunc Pro Tunc* Direct Appeal to the Superior Court of Pennsylvania within thirty days. On February 16, 2017, the Defendant filed a timely Notice of Appeal. On February 21, 2017, the Court directed the Defendant to file a Concise Statement of Matters Complained of on Appeal. On March 13, 2017, the Defendant filed a Concise Statement of Matters Complained of on Appeal in compliance with the provisions of Pa.P.A.P. 1925(b).

The Defendant raises the following issues for appellate review:

1. The revocation Hearing that took place [was] not timely. [The Defendant] was incarcerated from June 7, 2010 and the revocation did not occur until January 8, 2016. The original sentence imposed was six (6) to twenty three (23) months followed by one year probation. Once [the Defendant] reached the maximum, the detainer should have been lifted and the violations dismissed.
2. [The Defendant] was never provided with written notice of the violations against him.
3. Although the court determined on the record that probation was to be revoked, the reasons for said revocation were never placed in writing nor was it ever stated as to what specific evidence was relied upon by the fact finder and in addition, the reasons for revoking probation were never placed in writing.
4. The Commonwealth of Pennsylvania during said Hearing alleged that Defendant was in violation for new charges that occurred in Philadelphia [County] in 2006 which was before the time he was placed on probation for the present matter.
5. The Commonwealth [of Pennsylvania] erred in alleging that the Defendant was in violation for failure to comply with a treatment program that was never a part of his original sentence. Therefore, revocation of probation based on a condition that was not imposed by the [c]ourt is legal error.

6

## DISCUSSION

### I. The Gagnon II Hearing took place within a reasonable time.

The first issue raised for appellate review presents a challenge to the timeliness of the Gagnon II Hearing. The court held a timely Gagnon II Hearing, as it is illustrated in the Case Timeline, a copy of which is attached hereto, and incorporated by reference, as Exhibit "A."

Pennsylvania Rule of Criminal Procedure 708, Subsection (B), provides in relevant parts:

> "Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been: (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole."

Pa.R.Crim.P. 708(B)(1), (2).

"The language 'speedily as possible' has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which [probation is revoked]; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay." Commonwealth v. Woods, 965 A.2d 1225, 1227 (Pa. Super. 2009). "In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." Commonwealth v. Clark, 847 A.2d 122, 124 (Pa. Super. 2004). "The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing." Ibid. "Prejudice in this context compromises the loss of essential witnesses

7

or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty." Ibid.

The court also notes that "there is no requirement that the Gagnon II hearing be held before the probationer's trial[.] Indeed it may in many cases be preferable to defer that hearing until after the trial, thus avoiding the possibly unjust result of revoking probation, only to find later that the probationer has been acquitted of the charges that prompted the revocation hearing." Commonwealth v. Davis, 336 A.2d 616, 623 (Pa. Super. 1975).

The Gagnon II Hearing took place within a reasonable time under the circumstances of this case. First, during the time period between June, 2010, and March 2011, the Delaware County Office of Adult Probation and Parole, and the Commonwealth of Pennsylvania, deferred the scheduling of the Gagnon II Hearing to allow time for the Defendant's criminal cases in Philadelphia County to be resolved, and thus, have complete information on the disposition of those cases before moving forward. Such deferment was deemed necessary to prevent a possible unjust result to the Defendant.

Second, during the time period between April 2011, and July 2012, when the Gagnon II Hearing was scheduled to take place, defense counsel requested multiple continuances. Although some of the defense's requests for continuances were attributed to defense counsel's terminal illness, the vast majority of those requests were a result of the defense's attempt to reach a resolution of the cases in both counties contemporaneously. The Gagnon II Hearing was ultimately held on April 26, 2013.

Third, the Defendant's Sentencing Hearing took place on January 8, 2016, as a result of the defense's additional requests for continuances while the disposition of the Defendant's cases in Philadelphia County was pending. The defense's requests resulted in over

8

twenty (20) continuances between April, 2013 and January 8, 2016, when the court was able to hold the Sentencing Hearing and impose the new sentence.

Finally, no prejudice resulted to the Defendant due to the delay. The majority of the requests for continuances were made by the Defense, in order to resolve the Defendant's cases in Delaware County and Philadelphia County during the same period of time. The Defendant was able to fully present his case at the Gagnon II Hearing. There was no loss of essential witnesses or evidence which adversely contributed to the court's determination of the case. The delay did not cause the Defendant to remain incarcerated longer than necessary; the Defendant was to remain incarcerated in Philadelphia County awaiting the disposition of those cases regardless of the developments in this case. While a relatively considerable amount of time passed before a Gagnon II Hearing took place, the delay was reasonable under the circumstances of this case and the Defendant was not prejudiced by such delay.

II. The court did not err when it revoked the Defendant's probation and parole during the Gagnon II Hearing and imposed a new sentence.

Issues two (2), three (3), four (4) and five (5) are meritless.

## CONCLUSION

For the foregoing reasons, the Judgment of Sentence should be affirmed on Appeal.

BY THE COURT:

GEORGE A. PAGANO, J.

9

EXHIBIT "A"

10

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :      CP-23-CR-0008238-2007

                :

            vs.               :

                :

ADRIAN SIMS-EL                :

                :

## CASE TIMELINE

Note: Dates and events in bold letters pertain to this case.

| Date | Case Event | Case Event Status |
|------|-----------|-------------------|
| **May 27, 2010** | **Bench warrant issued** | |
| **June 7, 2010** | **Defendant incarcerated** | |
| **June 22, 2010** | **Gagnon I Hearing held** | **Defendant held for Gagnon II** |
| September 24, 2010 | Defendant charged with two cases in Philadelphia County | |
| November 24, 2010 | Preliminary Hearing held on one of Defendant's cases in Philadelphia County | Defendant held for court |
| December 10, 2010 | Hearing on Defendant's cases in Philadelphia County scheduled | Continuance |
| December 30, 2010 | Hearing on Defendant's cases in Philadelphia County scheduled | Continuance |
| February 16, 2011 | Preliminary Hearing on one of Defendant's case in Philadelphia County held | Defendant held for court |
| March 3, 2011 | Hearing on Defendant's case in Philadelphia County scheduled | Continuance |
| **March 29, 2011** | **Pretrial bring-back** | **Continuance** |
| **April 6, 2011** | **Pretrial bring-back** | **Defense continuance** |
| **April 12, 2011** | **Pretrial bring-back** | **Continuance** |
| April 18, 2011 | Scheduling conference for Defendant's cases in Philadelphia County held | |
| May 10, 2011 | Scheduling conference for Defendant's cases in Philadelphia County | Continuance |
| May 17, 2011 | Scheduling conference for Defendant's cases in Philadelphia County | Defense continuance |
| May 24, 2011 | Scheduling conference for Defendant's cases in Philadelphia County | Defense continuance |

| May 31, 2011 | Hearing for Defendant's case in Philadelphia County | Continuance |
|---|---|---|
| August 5, 2011 | Hearing for Defendant's cases in Philadelphia County held | |
| August 31, 2011 | Hearing for Defendant's cases in Philadelphia County | Continuance by Defense and Commonwealth |
| September 23, 2011 | Hearing for Defendant's cases in Philadelphia County | Commonwealth continuance |
| October 24, 2011 | Hearing for Defendant's cases in Philadelphia County | Defense continuance |
| November 10, 2011 | Trial date Defendant's cases in Philadelphia County | Defense continuance |
| January 10, 2012 | Trial date Defendant's cases in Philadelphia County | Continuance by Defense and Commonwealth |
| January 30, 2012 | Trial date Defendant's cases in Philadelphia County | Defense continuance |
| April 25, 2012 | Trial date Defendant's cases in Philadelphia County | Defense continuance |
| July 11, 2012 | Gagnon II Hearing scheduled | Defense continuance |
| August 22, 2012 | Gagnon II Hearing scheduled | Defense continuance |
| September 26, 2012 | Gagnon II Hearing scheduled | Defense continuance |
| December 12, 2012 | Trial date Defendant's cases in Philadelphia County | Continuance |
| January 4, 2013 | Trial date Defendant's cases in Philadelphia County | Defense continuance |
| January 9, 2013 | Gagnon II Hearing scheduled | Defense continuance |
| February 15, 2013 | Trial date Defendant's cases in Philadelphia County | Defense continuance |
| February 27, 2013 | Gagnon II Hearing scheduled | Defense continuance |
| March 15, 2013 | Trial date Defendant's cases in Philadelphia County | Defense continuance |
| March 27, 2013 | Gagnon II Hearing scheduled | Continuance by the court |
| April 26, 2013 | Gagnon II Hearing held | The court continued the Hearing to allow Defense counsel and the Commonwealth to submit briefs regarding the issue of timeliness and the standard for Commonwealth's burden of proof with regard to Defendant's violations. Court willing to wait on disposition of Defendant's cases in Philadelphia County before imposing sentence. |
| June 11, 2013 | Gagnon II Hearing scheduled | Defense continuance. Defense attorney did not file brief. |
| July 9, 2013 | Gagnon II Hearing scheduled | Defense continuance. Defense attorney did not file brief. |
| July 23, 2013 | Gagnon II Hearing scheduled | Defense continuance |
| July 29, 2013 | Gagnon II Hearing scheduled | Commonwealth continuance |
| August 12, 2013 | Gagnon II Hearing scheduled | Defense continuance |

| October 7, 2013 | Gagnon II Hearing scheduled | Defense continuance |
|---|---|---|
| November 13, 2013 | Gagnon II Hearing scheduled | Defense continuance |
| November 26, 2013 | Gagnon II Hearing scheduled | Defense continuance. Defense attorney did not file brief. |
| January 22, 2014 | Gagnon II Hearing scheduled | Defense continuance |
| February 25, 2014 | Gagnon II Hearing scheduled | Defense continuance |
| March 4, 2014 | Gagnon II Hearing scheduled | Defense continuance. Defense request for appointment of new counsel for Defendant. Harry Seay, Esquire, no longer able to continue Defendant's representation due to terminal illness. |
| *March 20, 2014* | *Gregory J. Pagano, Esquire, enters his appearance as Defendant's counsel.* | |
| April 22, 2014 | Gagnon II Hearing held | Continuation of the Hearing held on April 26, 2013. |
| June 11, 2014 | Gagnon II Sentencing Hearing scheduled | Court continuance |
| July 22, 2014 | Gagnon II Sentencing Hearing scheduled | Defense continuance |
| August 5, 2014 | Defendant's trial in Philadelphia County scheduled | |
| September 2, 2014 | Gagnon II Sentencing Hearing scheduled | Commonwealth and Defense request for a continuance due to Delaware County Sheriff's Office inability to transport Defendant. |
| October 1, 2014 | Gagnon II Sentencing Hearing scheduled | Defense continuance. Court willing to postpone Hearing to wait disposition of Defendant's cases in Philadelphia County. |
| November 5, 2014 | Defendant's Sentencing Hearing in Philadelphia County | Continuance |
| November 18, 2014 | Gagnon II Sentencing Hearing scheduled. | Defense continuance. Court willing to postpone Hearing to wait disposition of Defendant's cases in Philadelphia County. |
| December 18, 2014 | Defendant's Sentencing Hearing in Philadelphia County held | |
| December 24, 2014 | Defendant's Status Sentencing Hearing in Philadelphia County scheduled | Continuance |
| January 13, 2015 | Gagnon II Sentencing Hearing scheduled. | Defense continuance. Court willing to postpone Hearing to wait disposition of Defendant's cases in Philadelphia County. |
| January 22, 2015 | Defendant's Sentencing Hearing in Philadelphia County | Continuance |

| February 18, 2015 | Gagnon II Sentencing Hearing scheduled | Defense continuance. Court willing to postpone Hearing to wait disposition of Defendant's cases in Philadelphia County. |
|---|---|---|
| March 18, 2015 | Gagnon II Sentencing Hearing scheduled | Defense continuance. Court willing to postpone Hearing to wait disposition of Defendant's cases in Philadelphia County. |
| March 19, 2015 | Defendant's Sentencing Hearing in Philadelphia County scheduled | Continuance |
| August 21, 2015 | Defendant's Assessment Hearing in Philadelphia County scheduled | Continuance |
| September 9, 2015 | Gagnon II Sentencing Hearing scheduled | Defense continuance. Court willing to postpone Hearing to wait disposition of Defendant's cases in Philadelphia County. |
| November 13, 2015 | Defendant's Assessment Hearing and Sentencing Hearing in Philadelphia County held | |
| November 19, 2015 | Gagnon II Sentencing Hearing scheduled | Defense request to conduct Gagnon II Sentencing Hearing through Audio-Visual (Defendant held in SCI-Rockview). Audio Visual Department and Delaware County Sheriff's Office unable to coordinate. Gagnon II Sentencing Hearing continued. |
| November 13, 2015 | Defendant sentenced in Philadelphia County | |
| December 4, 2015 | Gagnon II Sentencing Hearing scheduled | Defense continuance |
| January 8, 2016 | Gagnon II Sentencing Hearing held | Sentence imposed |
| April 20, 2016 | *Scott D. Galloway, Esquire, begins representation of Defendant* | *Court appointed* |

14