J-S56029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :               PENNSYLVANIA
                                           :
               v.                         :
                                           :
                                           :
CLARENCE WILLIAM ROSSMAN       :
                                           :
             Appellant                :     No. 45 MDA 2018

Appeal from the Judgment of Sentence, December 7, 2017,
in the Court of Common Pleas of Northumberland County,
Criminal Division at No(s):  CP-49-CR-0000155-2017.

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED JANUARY 16, 2019**

Clarence William Rossman appeals from the judgment of sentence imposed following the revocation of his probation.  Rossman argues that the trial court failed to conduct his hearing "as speedily as possible" as required under Pennsylvania Rule of Criminal Procedure 708.  After careful review, we affirm.

The facts and complex procedural history are as follows.  On January 3, 2017, Rossman was charged in Northumberland County with simple assault, harassment, and endangering the welfare of children for hitting his fiancée in the face multiple times while she was holding their seven (7) month old son.  On January 13, 2017, Rossman was arrested on those charges.  Bail was set at $10,000 monetary, which he was unable to post.  He was committed to the Northumberland County Prison.  Subsequently, on January 16, 2017,

Rossman's fiancée obtained a protection from abuse order against him in Union County.

On February 23, 2017, Rossman pled guilty to simple assault.[1] On February 27, 2017, the trial court sentenced him to 12 months of probation, with 46 days of credit time for the time he was confined due his inability to post bail. He was released from prison.

The next day, February 28, 2017, a complaint for indirect criminal contempt was filed in Union County against Rossman for repeatedly contacting his fiancée that day via social media, allegedly in violation of the PFA she had against him. As a result, a warrant to commit and detain (probation detainer) Rossman was issued by Northumberland County Adult Probation on March 4, 2017. The Pennsylvania State Police (PSP) apprehended him that same day.

While at the PSP barracks, Rossman became very uncooperative; he verbally demeaned the troopers, held onto a bench, and wrapped his legs around it to avoid being shackled and taken to jail. At one point, a trooper pulled out his taser, but did not use it. Three troopers were needed to restrain him. He was physically carried out of the barracks and ultimately transported to Snyder County Prison per contract with Northumberland County.

On March 5, 2017, another complaint for indirect criminal contempt was filed in Union County against Rossman for again repeatedly contacting his fiancée via social media the day before, allegedly in violation of the PFA.

_____

[1] 18 Pa.C.S.A. § 2701(a)(1).

As a result of his behavior with the PSP, Rossman was charged with resisting arrest, disorderly conduct and criminal mischief on April 20, 2017. Monetary bail in the amount of $15,000 was set, which Rossman was unable to post.

Eventually, this bail was reduced to unsecured bail on August 21, 2017, one-hundred and twenty-four days (124) later. However, due to the probation detainer, Rossman remained incarcerated. Additionally, on August 25, 2017, the two indirect criminal contempt charges for Rossman's alleged violation of the Union County PFA were dismissed on the basis that he had not been properly served with the paperwork.

Shortly thereafter, on August 30, 2017, the Commonwealth filed a petition to revoke Rossman's probation on his original simple assault charge. Rossman was charged with failing to abide by several conditions of his probation including violating a local, state, or federal law and failing to refrain from behavior that threatens or presents clear and present danger to himself or others. These allegations stemmed from Rossman's criminal charges and conduct involving the state police. Additionally, he was charged with violating the condition that he may not consume, possess or have alcohol. When Rossman was committed to Snyder County prison, he had alcohol in his system. Due to the court's calendar, a probation revocation hearing could not be held until October 5, 2017. Consequently, on September 5, 2017, Rossman filed a motion to lift his detainer contending that he had been acquitted on the PFA contempt charges. Because all that remained were the charges relating

to the PSP, on which the court already had granted him unsecured bail, and the alleged violation for using alcohol, Rossman claimed the detainer should be lifted. The trial court scheduled a hearing on this motion for the same date and time as the probation revocation hearing.

At the hearing on October 5, 2017, the trial court denied Rossman's motion to lift his detainer. Further, at the request of the Commonwealth, the trial court continued the hearing on Rossman's probation revocation so that the Commonwealth could amend its petition. Although Rossman objected, the trial court rescheduled the hearing for October 23, 2017.[2] However, for reasons unclear from the record, Rossman's probation revocation hearing was not held on that date.[3]

On November 9, 2017, the Commonwealth filed its amended petition to revoke supervision. In addition to the prior allegations, the amended petition alleged that Rossman had violated his probation by failing to refrain from behavior that threatens or presents clear and present danger to others by continually trying to contact his fiancée. The trial court scheduled a hearing on this amended petition for December 7, 2017.

---

[2] We note that the record indicates that the hearing was rescheduled for October 23, 2017. However, Rossman's motion to dismiss avers that it was scheduled for November 2, 2017.

[3] Rossman claims that it was rescheduled at the request of the Commonwealth or the Northumberland Adult Probation Department, but the record contains nothing to confirm this.

- 4 -

On November 17, 2017, Rossman filed a motion to dismiss the Commonwealth's amended petition to revoke supervision, claiming that the approximately eight-and-a-half month delay in conducting Rossman's hearing was unreasonable and had prejudiced him. The trial court scheduled a hearing on Rossman's motion for the same time as the hearing on the Commonwealth's revocation petition.

At the hearing on December 7, 2017, the trial court denied Rossman's motion to dismiss and found that Rossman had violated his probation. The trial court sentenced him to 108 days (time served) to 18 months of incarceration. The trial court informed Rossman that he had to reapply for parole. He was further directed not to have any contact with his fiancée, and any visitation with his child was to be through Children and Youth Services.

On December 27, 2017, the trial court granted Rossman's petition for parole, and Rossman was granted immediate parole. The next day, Rossman pled *nolo contendere* to disorderly conduct for his actions relating to the PSP and was sentenced to twelve (12) months of probation. The other two charges were *nolle prossed*. Rossman was released from prison on December 29, 2017.

Rossman filed a timely notice of appeal on January 5, 2018, from the December 7, 2017 judgment of sentence revoking his probation.

On January 8, 2018, the trial court entered an amended order crediting Rossman with an additional 45 days for time served from March 4, 2017, through April 19, 2017, the time when Rossman was held solely on the original

probation detainer. This time had not been credited toward any other sentence. Additionally, by order this date, the trial court directed Rossman to file his Pa.R.A.P. 1925(b) statement, with which he complied.

Rossman presents one issue for our review:

1. Did the trial court improperly deny Rossman's motion to dismiss, violating the mandate of Pa.R.Crim.P. 708?

Rossman's Brief at 4. Specifically, Rossman asserts that the trial court violated his right to a speedy revocation hearing as required under Rule of Criminal Procedure 708, and asks us to remand to the trial court for dismissal of the petition to revoke supervision. Rossman's Brief at 10, 17. We note that if we agreed with Rossman, the proper procedure would be for this Court to vacate the revocation of probation, however, we do not.

Rule 708 provides, in part, that a revocation hearing must be "**held as speedily as possible**" at which the defendant is present and represented by counsel. Pa.R.Crim.P. 708(b)(1) (emphasis added). "Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation. Instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay." **Commonwealth v. Clark**, 847 A.2d 122, 124 (Pa. Super. 2004).

"In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." **Id.** "When examining the reason

- 6 -

for the delay, the court looks at the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing." ***Commonwealth v. Christmas***, 995 A.2d 1259, 1263 (Pa. Super 2010) (*citing **Clark***, 847 A.2d at 124). "Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty." ***Clark***, 847 A.2d at 125.

Rossman claims that there was a 278 day delay from the date of his arrest for the probation violation, March 4, 2017, to the date of his probation revocation hearing, December 7, 2017. He further claims that this entire delay is attributable to the probation detainer originally issued on March 4, 2017.

The Commonwealth contends that this is not accurate. To the contrary, a substantial portion of the time Rossman was incarcerated was attributable to other criminal charges.

On April 20, 2017, new charges were filed against Rossman for his uncooperative behavior with the PSP. Significantly, Rossman was unable to post bail for those charges. On August 21, 2017, 124 days after the filing of his new criminal charges, Rossman obtained reduced bail on these charges. Consequently, regardless of the probation detainer, Rossman had to be incarcerated for those 124 days. Rossman received credit for this time towards his sentence on the disorderly conduct charge. We, therefore, do not count these 124 days as delay attributable to the probation detainer. This

significantly reduces the length of delay Rossman can potentially claim to 154 days, about 5 months. However, in determining whether this 154-day delay was unreasonable, we must consider the reasons that contributed to it.

We first note that Rossman himself, to an extent, contributed to the delay in having his probation detainer and revocation addressed sooner. Rossman failed to assert his right to speedy hearing. First, he waived his *Gagnon I* hearing.[4] Had he not originally waived this hearing, he would have had the opportunity to challenge his detention shortly after he was picked up on March 4, 2017. Moreover, from the time Rossman was picked up on the probation detainer on March 4, 2017, until the PFA contempts were resolved on August 25, 2017, Rossman himself made no effort to lift the detainer. Rather, he only requested that the trial court address his rights after resolution of the PFA contempts. Where a defendant has failed to assert his rights, this may weigh against him in arguing that delay was unreasonable. *Cf. Commonwealth v. Ryan*, 384 A.2d 1243, 1245-46 (Pa. Super. 1978) (concluding that where defendant's failure to assert his rights to a speedy trial in part contributed to delay, defendant was not deprived of a speedy trial).

Another circumstance which contributed to the delay in this matter was resolution of the PFA contempts. The PFA contempts, one of which triggered the issuance of the probation detainer, were not decided until August 25, 2017. Once the PFA contempts were resolved, both sides started taking action

---

[4] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

in this case. Rossman indicated he wanted to move forward with his *Gagnon I* hearing. Within a few days of resolution of the PFA contempts, the Commonwealth filed its petition to revoke supervision. In response, Rossman filed his motion to lift the detainer. As explained by the trial court, it was at this point in time that Rossman's probation revocation became ripe for consideration. Trial Court Opinion, 4/12/18 at 3. Consequently, the trial court scheduled these matters for hearing on the first available date.

Other reasons for the delay included court scheduling issues and a request by the Commonwealth for a continuance. The scheduling issues in this case were minor. The continuance benefitted both parties; it allowed the Commonwealth to clarify the grounds for Rossman's probation revocation, and it ensured notice of those issues was clearly and properly given to Rossman. There is nothing to suggest that the Commonwealth asked for the continuance to intentionally delay the hearing.

Lastly, we must determine whether Rossman was prejudiced by the 154-day delay. Here, Rossman does not claim that his ability to defend against the Commonwealth's petition to revoke was somehow compromised by the delay. However, he was incarcerated during this time. The trial court addressed Rossman's detention at the October 5, 2017 hearing on Rossman's motion to lift his probation detainer. Given Rossman's violent tendencies, his relentless effort to contact his fiancée, and the Commonwealth's concern that Rossman may not appear for future proceedings, the trial court denied his motion. Trial Court Opinion, 4/12/18 at 3. Because the trial court found

Rossman's continued detention to be warranted, we conclude that he was not prejudiced.

In conclusion, given the length of the delay, *all* of the surrounding circumstances in this case, and the lack of prejudice suffered by Rossman, we find that the delay was not unreasonable, and the trial court did not violate Rule 708(b)(1).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019